**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4291**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL MARROQUIN-SANTIAGO,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:10-cr-00232-WO-1)

_____

Submitted: September 11, 2012        Decided: November 8, 2012

_____

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Marroquin-Santiago pled guilty pursuant to a plea agreement to one count of illegal re-entry of a felon, in violation of 8 U.S.C. § 1326 (2006), and was sentenced to twenty-one months in prison.[*] Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), indicating that he found no meritorious grounds for appeal, but explaining that Marroquin-Santiago believes his sentence is greater than necessary to satisfy the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012) factors. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 160-61 (4th Cir. 2008). If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

---

[*] Marroquin-Santiago was originally sentenced to thirty-three months in prison, but after he appealed to this court, we remanded the matter to the district court for resentencing under our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

2

Marroquin-Santiago raises no challenge to the procedural reasonableness of his sentence and, after reviewing the procedural reasonableness of the sentence in accordance with our obligations under Anders, we have found no meritorious issues for review. We thus presume that the twenty-one-month sentence, which was at the top of Marroquin-Santiago's properly calculated Guidelines range, is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). Although Marroquin-Santiago suggests that he should have been sentenced to a lesser term based on his personal history and characteristics, we conclude that the district court properly exercised its discretion to reject Marroquin-Santiago's arguments in mitigation. See Evans, 526 F.3d at 162 (recognizing that deference to a district court's sentence is required because the "sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case"). Because Marroquin-Santiago has failed to rebut the presumption this court affords a within-Guidelines sentence, we affirm his sentence.

We have examined the entire record in accordance with our obligations under Anders and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Marroquin-Santiago, in writing, of the right to petition the Supreme Court

3

of the United States for further review.  If Marroquin-Santiago requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Marroquin-Santiago.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED